UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-02897-CAS(Ex) | Date | January 28, 2016 |
| Title | ALICE ANDERSON v. UNITED STATES OF AMERICA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - ORDER DISMISSING CASE WITHOUT PREJUDICE

## I.   INTRODUCTION & BACKGROUND

On April 20, 2015, plaintiff Alice Anderson filed the instant action against defendants United States of America, Colton Michael McGee, and the United States Navy (collectively, "defendants"). See Dkt. 1 (Complaint). The complaint appears to assert a claim for negligence against defendants for injuries sustained when defendant Colton, while driving a tractor trailer in the scope of his employment with the Navy, rear-ended plaintiff's vehicle.[1] See id.

On December 22, 2015, this Court issued an Order to Show Cause why the action should not be dismissed for lack of prosecution, as no proof of service had been filed as of that date. Dkt. 8 (OSC) (citing Fed. R. Civ. P. 4(m)). The Court's OSC stated as follows:

> As of the date of this Order, the electronic docket in this matter indicates that plaintiff has not filed a Proof of Service. IT IS HEREBY ORDERED that plaintiff Alice Anderson show cause in writing not later than Monday, January 4, 2016 why this action should not be dismissed for lack of prosecution as to defendants. See C.D. Cal. L.R. 41-1 ("Civil suits which have been pending for an unreasonable period of time without any

---

[1] Plaintiff alleges that prior to filing the instant suit, she presented a claim in accordance with the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) et seq. This claim was purportedly denied on March 9, 2015. Compl. ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-02897-CAS(Ex) | Date | January 28, 2016 |
| Title | ALICE ANDERSON v. UNITED STATES OF AMERICA, ET AL. | | |

    action having been taken therein may, after notice, be dismissed for want of prosecution.").

***

    Plaintiff is advised that the Court will consider the following as a satisfactory response to the Order to Show Cause:

        A proof of service of summons and complaint on defendants on or before the above date.

See Dkt. 8. On December 30, 2015, plaintiff's attorney of record, Eric Bryan Seuthe ("Counsel" or "Seuthe"), requested that the Clerk of Court issue a summons on the complaint. Dkt. 9. On December 31, 2015, Seuthe filed a motion to withdraw as counsel. Dkt. 10. On January 4, 2016, Seuthe filed a Declaration re: Order to Show Cause. Dkt. 11 ("Seuthe Decl."). On January 5, 2016, the Clerk of Court issued a 60-day summons. Dkt. 12.

## II.   DISCUSSION

    In a sworn declaration, attorney Eric Seuthe states that he is the attorney of record for plaintiff Alice Anderson in the above-referenced case. Seuthe Decl. ¶ 1. Seuthe asserts that shortly after filing this action, "there was an irreconcilable breakdown of the attorney-client relationship" between him and plaintiff. Id. ¶ 5. Seuthe states that prior to the "breakdown" in the attorney-client relationship, his office was in the process of serving defendants in this action. Id. ¶ 6. Shortly thereafter, in June 2015, plaintiff signed a substitution of attorney, which Seuthe has attached to his declaration. Id.

    However, Seuthe does not state that this substitution of attorney was ever filed with the Court, and the document does not appear on the electronic docket in this case. Furthermore, the document itself appears to indicate that plaintiff Alice Anderson will appear *pro se* as the attorney of record. See id., Ex.1. Despite this, Seuthe avers that he was under the impression that plaintiff and "her new counsel" were "handling the case" when he learned of the Court's December 22, 2015 Order to Show Cause. Id. ¶ 7. Seuthe states that following the Court's issuance of the OSC, he attempted to contact plaintiff "repeatedly by phone and letter" but failed to receive a response. Id. Accordingly, Seuthe requests in his January 4, 2015 declaration an additional 60 days to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-02897-CAS(Ex) | Date | January 28, 2016 |
| Title | ALICE ANDERSON v. UNITED STATES OF AMERICA, ET AL. | | |

serve all defendants and attempt to contact plaintiff and her "new counsel" regarding the case.  Id. ¶ 9.

Again, the instant action was filed more than nine months ago, on April 20, 2015. To date, however, no proof of service has been filed, despite the fact that more than weeks have passed since the January 4, 2016 deadline set in the Court's OSC. Furthermore, more than three weeks have passed since the Clerk of Court issued a 60-day summons on January 5, 2016 in response to Counsel's December 30, 2015 request for the issuance of said summons, and yet neither Counsel nor plaintiff Alice Anderson has filed a proof of service.  "District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.' "  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).  Accordingly, the Court finds this matter appropriate for dismissal, without prejudice, for want of prosecution.  See C.D. Cal. L.R. 41-1; Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." ); see also Fed. R. Civ. P. 41(b).

### III.  CONCLUSION

In accordance with the foregoing, this case is hereby **DISMISSED**, without prejudice, for want of prosecution.

Attorney Eric Seuthe's motion to withdraw as counsel (Dkt. 10) is accordingly **DENIED AS MOOT**.  The hearing date of February 1, 2016 at 10:00 AM is hereby **VACATED**.  No appearances are necessary on February 1, 2016.

All other dates in this action are hereby **VACATED**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |